UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES R. COX AND LAURA BLAKEWOOD COX** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE _____** |
| **LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE \_\_\_\_** |

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT OR OTHER RELIEF**

**NOW INTO COURT**, through undersigned counsel, come your plaintiffs, James R. Cox and Laura Blakewood Cox, husband and wife, citizens and residents of Pineville, Rapides Parish, Louisiana, and of the full age of majority, who respectfully represents:

1.

Made defendant herein is Louisiana Farm Bureau Casualty Insurance Company, a Louisiana insurer which may be served through the Secretary of State.

2.

Your complaintants show that said defendant is liable unto them in the full amount of $15,367.41, with legal interest thereon, and penalties and attorney's fees, all as is set forth below.

3.

On August 15, 2002, your complaintants and defendants David J. Wightman and Pam Elaine Bannister Wightman executed a "Cash Sale Deed", which conveyed to complaintants property located in Pineville, Louisiana, with the municipal address of 122 Hembling

Drive, Pineville, LA 71360 and with the following legal description:

> A certain piece, parcel or tract of ground, together with all buildings and improvements thereon and all rights, ways, and privileges appurtenant thereto, being, lying, and situated in Rapides Parish, Louisiana, more particularly described as follows, to wit:
>
> Lot 11 of Hembling Park Subdivision as per plat thereof recorded in Plat Book 9, Page 105 records, of Rapides Parish, Louisiana.

4.

Simultaneously therewith, complaintants executed one certain Promissory Note and Mortgage, of even date with the sale, in favor of defendant Aulds, Horne, & White Investment Corporation, which mortgage was duly recorded in the office of the Rapides Parish Clerk of Court and ex-officio recorder of mortgages.

5.

At the same time, defendant Louisiana Farm Bureau Casualty Insurance Company bound themselves to insure the property against certain losses and hazards as set forth in documents entitled "Classic Home Owners Policy HO-2" and "Standard Flood Insurance Policy Dwelling Form".

6.

Your complaintants show that they made a claim through their insurer, defendant Louisiana Farm Bureau Casualty Insurance Company for flood insurance proceeds, for flood damage proceeds, for which said defendant issued a Southern Farm Bureau Casualty Insurance Company check number 23411, dated October 2, 2002, in the

amount of $15,367.41, made payable to James R. Cox and Aulds, Horne, & White, which check was never negotiated.

7.

Your complaintants show therefore, that said funds were allocated, assigned, and assessed to be necessary and proper under the law of the United States of America, and are required therefore to be paid to the proper insureds as set forth in the policy.

8.

Your complaintants show that, on May 3, 2005, said check was returned to then counsel for defendant, inasmuch as said check was stale, and another check, number 30472, was re-issued in the same amount, which was by Southern Farm Bureau Casualty Insurance Company, dated May 9, 2005, in the amount of $15,367.41, made payable to James R. Cox, and Aulds, Horne, & White, which check was never negotiated and is presently in complaintants' possession.

9.

Your complaintants show that on December 27, 2005, Civil Suit Number 222,970, was filed by the Federal National Mortgage Association a/k/a Fannie Mae, in the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana,, against your complaintants, which was a suit for executory process asserting the mortgage described above against the immovable property, which suit was without appraisement.

10.

Your complaintants show that, as a result of the proceedings in said suit, the mortgage described above was

cancelled, the property sold at sheriff's sale, and therefore, Aulds, Horne, and White no longer has any interest in said property.

11.

Your complaintants show that by letters dated June 25, 2007, to Ms. Kim Huong A. Tran of the Neilsen Law Firm, counsel for defendant, and July 17, 2007, to Mr. Thomas C. Pennebaker, of the same firm, the facts set forth in paragraphs 9 and 10 were established by attached certified documents showing the mortgage, notice of seizure, and notice of cancellation directed to the Rapides Clerk of Court and ex-officio recorder of mortgages to cancel said mortgage.

12.

Despite this, and a request to reissue the check and pay the due insurance proceeds in the amount of the previous issued checks, said defendants have refused to state whether or not the check will be issued.

13.

Your complaintants show they have no choice but to seek a judgment against said defendant, or, alternatively, to have the court order that said defendant re-issue a check in the amount of $15,367.41.

14.

Your complaintants show that in any event, they are entitled to penalties and attorney's fees for the arbitrary and capricious behavior of said defendant in refusing to issue the

check to complaintants, despite the written requests, and repeated verbal requests by undersigned counsel, to request remittance of the proceeds.

15.

Therefore, your complaintants desire and are entitled to a judgment against said defendant, or, alternatively, to have the court order that said defendant re-issue a check in the amount of $15,367.41, and for penalties and attorney's fees for its arbitrary and capricious behavior.

16.

**WHEREFORE, YOUR Complaintants PRAY:**

1. That this suit be allowed and filed;

2. That each defendant be duly cited and served, and that upon trial hereof there be judgment against defendant Louisiana Farm Bureau Casualty Insurance Company and in favor of the complaintants for damages sustained by the complaintants as set out herein, or to have the check for insurance proceeds re-issued, and for penalties and attorney's fees, with legal interest thereon ; and

3. For all orders and decrees necessary and proper in the premises and for general and equitable relief.

_____
**FRED A. PHARIS**
of **PHARIS LAW OFFICES**
831 DeSoto Street
Alexandria, LA  71301
Telephone:  (318) 445-8266
Bar Roll No. 1536
Attorney for Complaintants